**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

       Plaintiff,

                                          **ORDER**
                                          Criminal No. 07-384 (1) ADM

Parish Marketing and
Development Corporation,

       Defendants.

_____

Gregory G. Brooker, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of
Plaintiff United States of America.

Ryan M. Pacyga, Esq., Lamey & Pacyga, Woodbury, MN, on behalf of Defendant Parish
Marketing and Development Corporation.

_____

The Court is in receipt of Plaintiff United States of America's Motion for the

appointment of a Receiver [Docket No. 22] and the Stipulation [Docket No. 30] by the parties

that the Court should appoint a Receiver in this case.

Defendant Parish Marketing and Development Corporation ("Parish") pled guilty to

mortgage fraud, namely utilizing straw purchasers to nominally purchase approximately 200

residences in the District of Minnesota.  There is probable cause to believe that immediate and

irreparable harm will result if a Receiver is not appointed to take over the assets of Parish so that

the assets may be disposed of in an orderly and proper manner that maximizes the value of the

assets; thereby minimizing the loss to the victims and the impact on the community.  It is in the

public's interest that the Court appoint a Receiver.  Pursuant to the Stipulation of all parties and

by authority of the All Writs Act, 28 U.S.C. § 1651, and the Federal Debt Collection Procedures

Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq*., which authorizes a court to use the All Writs Act to support the remedies of the FDCPA, this court has authority to appoint a receiver.

## APPOINTMENT OF RECEIVER

Therefore, IT IS ORDERED that Gary Hansen, of Oppenheimer, Wolff, and Donnelly LLP, is appointed Receiver of Parish, and any affiliates, subsidiaries, divisions, sales, entities, successors, or assigns, with the full power of an equity Receiver.  The Receiver shall solely be the agent of this Court in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court, and shall comply with any local rules of this Court governing receivers, as well as the Federal Rules of Criminal and Civil Procedure.

## DUTIES OF RECEIVER

IT IS FURTHER ORDERED that the Receiver is directed and authorized to accomplish the following:

1.  Assume full control of the business operations of Parish as the Receiver deems necessary and advisable.

2.  Take exclusive custody, control, and possession of all assets and documents in the possession, custody, or under the control of Parish, wherever situated.  The Receiver shall have the power to appoint others as custodians of such documents where advisable and necessary.

3.  Have the power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of Parish and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of Parish.

4.  Take all steps necessary to secure the business premises of Parish.  Such steps

may include, but are not limited to, the following as the Receiver deems necessary or advisable: (a) completing a written inventory of all assets; (b) obtaining pertinent information from all employees and other agents and all accrued and unpaid commissions and compensation of each such employee or agent; (c) videotaping all portions of the above-referenced locations; (d) securing the above-referenced locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations.

5.   Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to victims or legitimate creditors of Parish, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets.

6.   Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, with regard to Parish, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order.  Attorneys retained by the Receiver shall have the right to defend any adverse claims to real estate previously owned or managed by Parish and now part of the receivership, including, but not limited to, title and mechanic's lien claims.

7.   Make payments and disbursements from the receivership estate that are necessary or advisable for preserving assets for restitution and carrying out the directions of or exercising the authority granted by this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by Parish, prior to the date of entry of this Order, if such debt or obligation exceeds $5,000.  The Receiver shall provide an accounting to the Court each quarter of all payments and disbursements made.

8.  Maintain accurate records of all receipts and expenditures that the Receiver makes as the Receiver under this Order.

9.  Assume full oversight and control of the management of all assets of Parish, including, but not limited to, hiring a reputable property management company to collect the rents, hire attorneys to commence unlawful detainers and other necessary legal work, make repairs to the homes, maintain the homes and properties, and control the necessary business records so that all properties are in compliance with local ordinances and do not fall into disrepair.

10.  Review all bank statements and business records of the property management company retained by the Receiver to manage any properties and to oversee all financial transactions involving the renters, subcontractors, and the management company.

11.  Take all steps necessary to ensure that valid debts are paid by the property management company and to ensure that only financial obligations that are valid, reasonable, and within industry rates and standards are accepted and paid by the management company.

12.  Ensure that the property management company retained for the management of the subject properties maintains accurate records of all receipts and expenditures regarding the properties at issue and makes such records available to the Receiver.

13.  Negotiate a reasonable and acceptable fee for the services provided by the property management company retained to manage the properties and for the services provided by the law firm retained to conduct unlawful detainers and other valid legal services regarding the management of the properties at issue.

14.  Oversee the marketing of any properties owned or controlled by Parish by hiring, at reasonable and industry-standard rates, any real estate agents or brokers to sell the properties at issue.

15.  Effect the sale and transfer of corporate assets in a manner that is fiscally prudent and timely such that assets are liquidated for the benefit of victims and legitimate creditors, including the signing of documents or deeds to effect the sale of real estate, provided that the Receiver shall obtain prior Court approval of any sale or transfer of ten or more properties to a single purchaser.

16.  Ensure that any profits and remainder of funds after valid and reasonable invoices are paid to the property management company, subcontractors, and lawyers, remain in a fund that cannot be accessed by any one other than the Receiver pending the investigation at issue.

17.  Ensure that any profits remain available for ultimate resolution by the Court in any restitution or forfeiture proceedings in this case.

**COOPERATION WITH RECEIVER**

IT IS FURTHER ORDERED that Parish and its officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns shall fully cooperate with and assist the Receiver.  Parish shall:

A.  Provide to the Receiver, within ten (10) business days of notice of this Order a statement setting forth:

1.  The identification of each account or asset titled in the name of Parish;

2.  The balance of each account or a description of the nature and value of each asset under the name of Parish as of the close of business on the day of this Order, and, if the

5

account or asset has been closed or removed, the date closed or removed, the total funds

removed in order to close the account, and the person or entity to whom such account or other

asset was remitted; and

       3.  The identification of any safe deposit box or storage facility that is either titled

in the name of or subject to access by Parish.

    B.  Allow the Receiver immediate access to inspect or copy any records or other

documentation pertaining to such account or asset owned or controlled by Parish, including, but

not limited to, originals or copies of account applications, account statements, signature cards,

checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit

instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.  Any

such financial institution, account custodian, or other aforementioned entity may arrange for the

Receiver to obtain copies of any such records which the Receiver seeks, provided that such

institution or custodian may charge a reasonable fee.

    C.  Promptly cooperate with all reasonable requests of the Receiver relating to

implementation of this Order, including transferring funds at the Receiver's direction and

producing records related to all accounts owned by Parish.

    D.  Transfer to the Receiver, as he reasonably requests, possession and control of all of

Parish's assets and business records, including electronic data, within their possession or control.

**TRANSFER OF FUNDS TO RECEIVER**

    IT IS FURTHER ORDERED that, upon service or notice of a copy of this Order, all

banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading

companies, or other financial institutions shall cooperate with all reasonable requests of the

Receiver relating to implementation of this Order, including transferring funds owned by Parish

to the Receiver and to produce records related to the assets of Parish.

## COMPENSATION OF RECEIVER

IT IS FURTHER ORDERED that the Receiver is entitled to reasonable compensation for

the performance of his duties pursuant to this Order and for the cost of actual out-of-pocket

expenses incurred by him, from the assets now held by or in the possession or control of, or

which may be received by, Parish.  The Receiver shall file with the Court and serve on the

government periodic requests for the payment of such reasonable compensation.  The Receiver

shall be entitled to the reasonable compensation of $225 per hour for the performance of his

duties.  The Receiver shall not increase the hourly rates used as the bases for such fee

applications without prior approval of the Court.

## RECEIVER'S BOND

IT IS FURTHER ORDERED that the Receiver shall file with the Clerk of this Court a

bond in the sum of $25,000 *or* confirmation in writing from a malpractice liability carrier that

Gary Hansen is insured.  The Court will approve the sureties conditioned that the Receiver will

well and truly perform the duties of the office and abide by and perform all acts the Court

directs.

**JURISDICTION**

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all

purposes.

BY THE COURT:


               s/Ann D. Montgomery

ANN D. MONTGOMERY

U.S. DISTRICT JUDGE


Dated:  November 29, 2007.